IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAWNEE LEASING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Amount Claimed: $172,595.26 plus |
| | ) | prejudgment interest at the rate of 24% per |
| | ) | annum, plus attorneys' fees and costs |
| | ) | |
| MIDWEST MEDICAL SYSTEMS, INC., | ) | |
| MELROSE PARK IMMEDIATE | ) | |
| CARE LTD, GOWHAR KHAN, and | ) | |
| TABISH KHAN | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT**

NOW COMES Plaintiff PAWNEE LEASING CORPORATION ("Pawnee"), by and through its counsel, and for its Verified Complaint against Defendants MIDWEST MEDICAL SYSTEMS, INC. ("Midwest Medical"), MELROSE PARK IMMEDIATE CARE LTD ("Melrose Park"), GOWHAR KHAN ("G. Khan"), and TABISH KHAN ("T. Khan") (collectively, the "Defendants"), states as follows:

**PARTIES**

1. Pawnee is a Colorado corporation with its principal place of business located at 700 Centre Avenue, Fort Collins, Colorado 80526, and is fully authorized to do business in the State of Illinois.

2. Midwest Medical is an Illinois corporation with its principal place of business located at 1177 N. Highland Ave., Aurora, Illinois 60506.

1

3. Melrose Park is an Illinois corporation with its principal place of business located at 106 N. 19th Ave., Melrose Park, Illinois 60160.

4. T. Khan is a citizen of the State of Illinois who resides at 2309 Bilter Rd, Aurora, Illinois 60502.

5. G. Khan is a citizen of the State of Illinois who resides at 2309 Bilter Rd, Aurora, Illinois 60502.

### JURISDICTION AND VENUE

6. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to Pawnee's claims occurred in this judicial district, and because the Defendants reside in this judicial district.

### BACKGROUND

8. On or about May 28, 2019, Pawnee as lender, and Midwest Medical, as borrower, entered into an Equipment Finance Agreement (the "Agreement") for the financing of certain equipment more specifically identified therein (the "Equipment"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

9. To induce Pawnee to enter into the Agreement with Midwest Medical, Melrose Park executed a corporate guaranty in which it guaranteed the full and prompt payment and performance of all of Midwest Medical's obligations under the Agreement (the "Melrose Park Guaranty"). A true and correct copy of the Melrose Park Guaranty is attached hereto as Exhibit 2.

10. To induce Pawnee to enter into the Agreement with Midwest Medical, G. Khan executed a guaranty in which he personally guaranteed the full and prompt payment and performance of all of Midwest Medical's obligations under the Agreement (the "G. Khan Guaranty"). A true and correct copy of the G. Khan Guaranty is attached hereto as Exhibit 3.

11. To induce Pawnee to enter into the Agreement with Midwest Medical, T. Khan executed a guaranty in which he personally guaranteed the full and prompt payment and performance of all of Midwest Medical's obligations under the Agreement (the "T. Khan Guaranty"). A true and correct copy of the T. Khan Guaranty is attached hereto as Exhibit 4.

12. Pursuant to the Agreement, Midwest Medical granted Pawnee a first priority security interest in the Equipment. *See* Exhibit 1, ¶ 4.

13. Pawnee perfected its first priority security interest in the Equipment by filing its UCC-1 Financing Statement with the Illinois Secretary of State. A true and correct copy of the UCC-1 Financing Statement is attached hereto as Exhibit 5.

14. Pursuant to the Agreement, Midwest Medical was to make six (6) monthly payments of $99.00, and sixty (60) monthly payments of $3,207.09. *See* Exhibit 1, Schedule B.

15. Midwest Medical made nine (9) of the sixty-six (66) total monthly payments due under the Agreement, but failed to make the payment for March 15, 2020, and all payments due thereafter.

16. Melrose Park has failed to make payments under the Agreement and Melrose Park Guaranty.

17. G. Khan has failed to make payments under the Agreement and G. Khan Guaranty.

18. T. Khan has failed to make payments under the Agreement and T. Khan Guaranty.

19. Failure to make payments when due is an Event of Default under the Agreement, Melrose Park Guaranty, G. Khan Guaranty, and T. Khan Guaranty (collectively the "Guaranties"). *See* Exhibit 1, ¶ 11 and the Guaranties.

20. As a result of the default under the Agreement, Pawnee is entitled to the return of the Equipment, payment of the accelerated balance discounted at the rate of four percent (4%) per annum, plus late fees, prejudgment interest, attorneys' fees and costs, and all other relief provided under the Agreement. *See* Exhibit 1, ¶ 6, 11.

21. Pursuant to the Agreement, Pawnee is entitled to late fees and other assessments. *See* Exhibit 1, ¶ 6.

22. Pursuant to the Agreement, Pawnee is entitled to prejudgment interest at the rate of twenty-four percent (24%) per annum on any unpaid damages. *See* Exhibit 1, ¶ 11.

23. Pawnee demanded payment from the Defendants pursuant to the Agreement and Guaranties, but the Defendants have failed and refused to make payment.

24. Pawnee has demanded return of the Equipment from Midwest Medical, but Midwest Medical has failed and refused to return the Equipment.

25. Pawnee has fully performed its obligation under the terms of the Agreement and Guaranty.

## COUNT I – BREACH OF CONTRACT
## AGAINST DEFENDANT MIDWEST MEDICAL SYSTEMS, INC.

26. Pawnee repeats and realleges Paragraphs 1 through 25 as though fully set forth herein.

27. Midwest Medical defaulted under the Agreement by failing and refusing to make payments when due.

28. Because of Midwest Medical's default under the Agreement, Midwest Medical is indebted to Pawnee in the amount of $172,595.26, plus prejudgment interest at twenty-four percent (24%) per annum, plus attorneys' fees and costs.

WHEREFORE, Plaintiff PAWNEE LEASING CORPORATION respectfully requests that the Court enter judgment in its favor and against Defendant MIDWEST MEDICAL SYSTEMS, INC. in the amount of $172,595.26, plus prejudgment interest at the rate of twenty-four percent (24%) per annum, plus attorneys' fees and costs, as well as all other such relief which this Court deems just.

### COUNT II – REPLEVIN
### AGAINST DEFENDANT MIDEST MEDICAL SYSTEMS, INC.
### UNDER 735 ILCS § 5/19-101, et seq.

29. Pawnee repeats and realleges Paragraphs 1 through 28 as though fully set forth herein.

30. This claim is brought pursuant to Illinois Code of Civil Procedure § 19-101 et seq.

31. Pawnee has a first priority security interest in the Equipment.

32. Due to Midwest Medical's default under the Agreement, Pawnee is entitled to the return of an exclusive possession of the Equipment, specifically one (1) Tempsure RF Generator with Tempsure Envi Face & Body Application.

33. Midwest Medical is wrongfully and unlawfully detaining the Equipment from Pawnee.

34. The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of this State against the property of Pawnee, nor seized under any lawful process against the goods and chattels of Pawnee subject to such lawful process, nor held by virtue of an order of replevin against Pawnee.

5

35. Pawnee estimates the value of the Equipment at $19,575.00, depending on condition.

36. Pawnee has made demand upon Midwest Medical for the return of the Equipment, but Midwest Medical refuses to surrender the Equipment voluntarily.

37. Upon information as belief, the Equipment is located at 1177 N. Highland Ave., Aurora, Illinois 60506.

WHEREFORE, PAWNEE LEASING CORPORATION, respectfully request that this Court enter an Order directing the U.S. Marshall to use all necessary force to repossess the Equipment, or any portion thereof from 1177 N. Highland Ave., Aurora, Illinois 60506, or wherever it may be found, and enter a judgment against MIDWEST MEDICAL SYSTEMS, INC. for the value of any portion of the Equipment not so returned, plus attorneys' fees and costs, as well as all other and further relief which this Court deems just.

**COUNT III – DETINUE**
**AGAINST DEFENDANT MIDWEST MEDICAL SYSTEMS, INC.**

38. Pawnee repeats and realleges Paragraphs 1 through 37 as though fully set forth herein.

39. Midwest Medical is wrongfully retaining possession and control of the Equipment.

40. Due to Midwest Medical's default under the Agreement, Pawnee is entitled to the return of and the exclusive possession of the Equipment.

41. Midwest Medical refuses to surrender the Equipment despite demand.

WHEREFORE, PAWNEE LEASING CORPORATION, respectfully requests that this Court enter an Order compelling MIDWEST MEDICAL SYSTEMS, INC. to surrender the Equipment to Pawnee at a place and time directed by Pawnee within fourteen (14) days of this Court's entry of judgment.

## COUNT IV – BREACH OF GUARANTY
## AGAINST DEFENDANT MELROSE PARK IMMEDIATE CARE LTD

42. Pawnee repeats and realleges Paragraphs 1 through 41 as though fully set forth herein.

43. Melrose Park defaulted under the Melrose Park Guaranty by failing or refusing to make payments when due.

44. Because of Melrose Park's default under the Melrose Park Guaranty, Melrose Park is indebted to Pawnee in the amount of $172,595.26, plus prejudgment interest at twenty-four percent (24%) per annum, plus attorneys' fees and costs.

WHEREFORE, Plaintiff PAWNEE LEASING CORPORATION respectfully requests that the Court enter judgment in its favor and against Defendant MELROSE PARK IMMEDIATE CARE LTD in the amount of $172,595.26, plus prejudgment interest at the rate of twenty-four percent (24%) per annum, plus attorneys' fees and costs, as well as all other such relief which this Court deems just.

## COUNT V – BREACH OF GUARANTY
## AGAINST DEFENDANT GOWHAR KHAN

45. Pawnee repeats and realleges Paragraphs 1 through 44 as though fully set forth herein.

46. G. Khan defaulted under the G. Khan Guaranty by failing or refusing to make payments when due.

47. Because of G. Khan's default under the G. Khan Guaranty, G. Khan is indebted to Pawnee in the amount of $172,595.26, plus prejudgment interest at twenty-four percent (24%) per annum, plus attorneys' fees and costs.

WHEREFORE, Plaintiff PAWNEE LEASING CORPORATION respectfully requests that the Court enter judgment in its favor and against Defendant GOWHAR KHAN in the amount of $172,595.26, plus prejudgment interest at the rate of twenty-four percent (24%) per annum, plus attorneys' fees and costs, as well as all other such relief which this Court deems just.

### COUNT VI – BREACH OF GUARANTY
### AGAINST DEFENDANT TABISH KHAN

48. Pawnee repeats and realleges Paragraphs 1 through 47 as though fully set forth herein.

49. T. Khan defaulted under the T. Khan Guaranty by failing or refusing to make payments when due.

50. Because of T. Khan's default under the T. Khan Guaranty, T. Khan is indebted to Pawnee in the amount of $172,595.26, plus prejudgment interest at twenty-four percent (24%) per annum, plus attorneys' fees and costs.

WHEREFORE, Plaintiff PAWNEE LEASING CORPORATION respectfully requests that the Court enter judgment in its favor and against TABISH KHAN in the amount of $172,595.26, plus prejudgment interest at the rate of twenty-four percent (24%) per annum, plus attorneys' fees and costs, as well as all other such relief which this Court deems just.

PAWNEE LEASING CORPORATION,

By: /s/ Joanna Pizzo
One of Its Attorneys

Debra Devassy Babu (ARDC 6282743)
Joanna Pizzo (ARDC 6333193)
Askounis & Darcy P.C.
444 N. Michigan Ave., Suite 3270
Chicago, IL 60611
ddevassy@askounisdarcy.com
jpizzo@askounisdarcy.com

## VERIFICATION

      Under penalties as provided by law, the undersigned certifies that the statements set forth in the Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certified as aforesaid that he verily believes the same to be true.

_____  
Kenny Fitzgerald  
Vice President of Legal and Asset Management

6/10/20  
Date